**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4365**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

ANDREA BLOODWORTH, a/k/a Andre Thettle Green,

                 Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:06-cr-00337-TLW-1)

Submitted: October 28, 2010      Decided: February 22, 2011

Before WILKINSON, SHEDD, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Janis Richardson Hall, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Jeffrey Mikell Johnson, Robert F. Daley, Jr., Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrea Bloodworth appeals the 204-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2), (e) (West 2000 & Supp. 2010). On appeal, Bloodworth argues that the district court erred in denying his motion to dismiss the indictment, alleging that his due process rights were violated because the Government acted in bad faith in failing to preserve the audio recording of his traffic stop. Finding no reversible error, we affirm.

On a motion to dismiss an indictment, we review the district court's factual findings for clear error and its legal conclusions de novo. See United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005). The duty to preserve evidence arises when the evidence "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 488-89 (1984). However, the failure to preserve even potentially exculpatory evidence does not automatically constitute a due process violation. It is only when the "defendant can show bad faith on the part of the police[] [that] failure to preserve potentially useful evidence" amounts to the denial of due process. Arizona v. Youngblood,

488 U.S. 51, 58 (1988). Bad faith "requires that the officer have intentionally withheld the evidence for the purpose of depriving the plaintiff of the use of that evidence during his criminal trial." Jean v. Collins, 221 F.3d 656, 663 (4th Cir. 2000).

Our review of the record leads us to conclude that even if the recording of Defendant's traffic stop was potentially useful, the failure to preserve it was not motivated by bad faith. Instead, the record reveals that the recording was deleted automatically from the police department's software system, which purges older recordings when the system reaches its maximum capacity. Accordingly, the district court did not err in denying Bloodworth's motion to dismiss the indictment.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED